IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Nationwide Mutual Insurance Company,

    Plaintiff,

    v.      Case No. 2:09-cv-957

     JUDGE MARBLEY

BridgeStreet Corporate Housing LLC, et al.,

    Defendants.

ORDER

This case involves a dispute about whether defendant BridgeStreet Corporate Housing, LLC, was authorized to charge certain apartment purchases in Houston, Texas to Nationwide's account. The apartments were obtained in preparation for the arrival of Hurricane Rita in September, 2005. BridgeStreet claims that it was given the authority to charge the purchase price to Nationwide by Nationwide's agent, third-party defendant HelmsBriscoe Resource One, Inc.

BridgeStreet has now moved to amend its third-party complaint. The motion has been briefed by both BridgeStreet and HelmsBriscoe. For the following reasons, the motion will be granted.

I. Background.

The original third-party complaint was filed on November 12, 2009. It alleged that BridgeStreet was contacted by HelmsBriscoe on September 21, 2005, and asked to find apartments for members of Nationwide's Catastrophe Team members who might be traveling to Houston to assess the damage done by Hurricane Rita. According to the complaint, BridgeStreet found apartments and was

told to buy them.  As it turns out, they were not needed.
However, BridgeStreet used Nationwide's credit card to pay for
the apartment purchases.  Nationwide now denies that it ever
authorized these transactions.

The original third-party complaint asserted that
HelmsBriscoe had been acting as Nationwide's agent and had the
authority to bind Nationwide.  However, in the event that turns
out not to be the case, BridgeStreet contends that HelmsBriscoe
should indemnify it for any sums that Nationwide recovers.  The
three counts of the third-party complaint assert claims for
negligent misrepresentation, breach of an agreement under which
BridgeStreet paid commissions to HelmsBriscoe on these purchases,
and unjust enrichment.  On December 29, 2009, HelmsBriscoe filed
a motion to dismiss or for judgment on the pleadings.  The motion
for leave to amend the third-party complaint was made in partial
response to HelmsBriscoe's motion.

II.  The Proposed Amended Third-Party Complaint.

The proposed amended complaint would, if filed, do the
following.  First, it would change the name of the third-party
defendant to HelmsBriscoe Performance Group, Inc., based in part
on information received from HelmsBriscoe's attorney that the
wrong HelmsBriscoe entity had been sued.  Second, it would add
language to Count One of the third-party complaint clarifying
that this is a claim for indemnification.  Third, it would add a
claim for implied indemnity on grounds that its liability, if
any, to Nationwide is secondary and HelmsBriscoe's liability is
primary.

III.  The Parties' Arguments.

In its motion for leave to amend, BridgeStreet notes that
this case is in its early stages, that the initial Rule 16
conference has not yet taken place (it is scheduled for April 1,
2010), and that there has been no discovery.  As a result, no

party would be prejudiced by the amendments.

In response, HelmsBriscoe does not argue that it will be prejudiced if the proposed amended complaint is filed. Rather, it asserts that neither the original third-party complaint nor the proposed amended complaint states a viable third-party claim. Thus, it contends that the motion to amend "is moot since the third party complaint must be dismissed as a matter of law." Memorandum in Opposition, Doc. #25, at 2. It does not specifically address the issue concerning which HelmsBriscoe entity is the one with which BridgeStreet had contact, nor the sufficiency of the proposed new claim for indemnity grounded in the theory of primary and secondary liability. It also identifies the legal flaw in the third-party complaint as its failure to allege any grounds "under which HelmsBriscoe is alleged to be liable to Nationwide." Id.

## IV. The Legal Standard

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the "when justice so requires." In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters contained in the amended complaint could have been advanced

previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. Id. It is with these standards in mind that the instant motion to amend will be decided.

## V. Legal Analysis

Certainly, given the relative youth of this case and the fact that HelmsBriscoe does not allege any prejudicial delay, the traditional Rule 15(a) factors strongly favor allowing BridgeStreet to amend its third-party complaint. Therefore, the only question to be answered here is whether it would be an exercise in futility to allow the amendment because it does not state any claims upon which relief could be granted. That question must be addressed, of course, keeping in mind that the pleading in question is a third-party complaint subject to Fed.R.Civ.P. 14.

There are any number of reasons why the motion for leave to amend should be granted. First, the entity named as the third-party defendant, HelmsBriscoe Resource One, Inc., claims that it has never had a contractual or other relationship with BridgeStreet. Assuming that to be true (and BridgeStreet apparently concedes that point), HelmsBriscoe Resource One has no standing to raise any defenses to either the original third-party complaint or the amended third-party complaint beyond its assertion that it is not a proper party to this case. In fact, the effect of allowing BridgeStreet to file its proposed third-party complaint would be to dismiss all claims against HelmsBriscoe Resource One and to assert four claims against a new party, HelmsBriscoe Performance Group, Inc. It is difficult to see how that would prejudice the current third-party defendant in any way, or how the Court could deny BridgeStreet the opportunity to assert those claims just because an entity against whom such claims are not going to be asserted argues that they are futile.

Further, the Court typically does not determine the merits of a proposed amended claim by denying leave to amend.  Although that can be done, and is especially appropriate if the proposed new claim is frivolous or nearly so and certain to be dismissed, that cannot be said of BridgeStreet's proposed amended third-party complaint.  Two of the four proposed claims do sound in indemnity.  Contrary to HelmsBriscoe's argument, the essence of a third-party claim for indemnification is not that the third-party defendant is somehow liable to the original plaintiff, but rather to the third-party plaintiff, so long as that liability is premised on a theory that the liability would arise from a judgment against the defendant/third-party plaintiff on the original plaintiff's claims.  That is why Fed.R.Civ.P. 14(a) states that a defendant may serve a third-party complaint "on a nonparty who is or may be liable to **it** [i.e. the third-party plaintiff] for all or part of the claim against it."  (Emphasis added).  That is also the black-letter law of third-party practice.  See McPherson v. Hoffman, 275 F.2d 466, 469 (6th Cir. 1960) ("The theory of this rule is indemnity, that is, liability over from the third-party defendant to the defendant").

At the very least, therefore, BridgeStreet should be allowed to plead its indemnity claims against the proper defendant, and also to join with those claims any other claims which are permitted to be joined under the applicable rules of procedure, such as Fed.R.Civ.P. 18(a).  That defendant, once joined, is, of course, free to file its own motion to dismiss and to raise any arguments about either the sufficiency of the indemnity claims, or the appropriateness of the joinder of independent claims, providing those arguments have a reasonable basis in law.  Cf. Fed.R.Civ.P. 11.

VI. Disposition and Order

For the foregoing reasons, the motion of third-party

plaintiff BridgeStreet Corporate Housing, LLC, to file an amended third-party complaint (#22) is granted.  An amended third-party complaint identical in content to the one attached to the motion as Exhibit A shall be filed within ten days.  BridgeStreet shall promptly obtain service, or a waiver of service, from the new third-party defendant.  The parties shall advise the Court if, as a result of the dismissal of the current third-party defendant and the joinder of the new third-party defendant, it would be advisable to continue the initial Rule 16 conference set for April 1, 2010.  The granting of this motion moots the pending motion to dismiss the third-party complaint and the Clerk shall remove that motion (#16) from the Court's pending motions list.

### VII.  Appeals Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge