```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Nationwide Mutual Insurance    :
Company,

       Plaintiff,           :

    v.                          :    Case No. 2:09-cv-957

                                    :    JUDGE MARBLEY
BridgeStreet Corporate
Housing LLC, et al.,           :

       Defendants.          :

## ORDER

### I. Introduction

This case is now before the Court to consider another motion filed by defendant BridgeStreet Corporate Housing LLC to amend its third-party complaint. The motion is opposed by the third-party defendant. For the following reasons, the motion to amend will be granted, and a motion to strike the motion for leave to amend will be denied.

### II. Procedural Background

As the Court has noted in a prior order (Doc. #27), this case involves a dispute about whether defendant BridgeStreet Corporate Housing, LLC, was authorized to charge certain apartment purchases in Houston, Texas to plaintiff Nationwide Mutual Insurance Company's account. The apartments were obtained in preparation for the arrival of Hurricane Rita in September, 2005. BridgeStreet claims that it was given the authority to charge the purchase price to Nationwide by Nationwide's agent, third-party defendant HelmsBriscoe Performance Group, Inc. In the prior order, the Court granted BridgeStreet leave to amend its third-party complaint, and the amended third-party complaint

was filed on March 22, 2010.  That amended complaint pleaded four claims for relief: indemnification based on negligent misrepresentations (Count One), breach of a commission agreement (Count Two), unjust enrichment (Count Three), and indemnification based on a theory of primary and secondary liability (Count Four).

After HelmsBriscoe moved to dismiss the amended complaint, Bridgestreet filed a document entitled "Third Party Bridgestreet Corporate Housing, LLC's Notice of Voluntary Dismissal of Counts 2 and 3 of its Third-Party Complaint without Prejudice."  The text of that document reads as follows: "Pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i), Defendant/Third Party Plaintiff BridgeStreet Corporate Housing, LLC ("BridgeStreet"), hereby dismisses Counts 2 and 3 of Bridgestreet's Third Party Complaint against HelmsBriscoe Performance Group, Inc., without prejudice."

The filing of that notice prompted a flurry of additional filings.  First, in its reply memorandum in support of its motion to dismiss, HelmsBriscoe asserted that by filing its notice of voluntary dismissal, BridgeStreet had actually effected the dismissal of the third-party complaint in its entirety.  In response to that assertion, BridgeStreet moved for leave under Fed.R.Civ.P. 15(a) to amend the third-party complaint to delete Counts Two and Three.  HelmsBriscoe then moved to strike the motion for leave to amend on the ground that, after the voluntary dismissal occurred, there was nothing left for BridgeStreet to amend.  BridgeStreet has filed a reply in support of its motion for leave to amend as well as a response to the motion to strike.  The motion for leave to amend is now fully briefed and ripe for decision.  Although, in theory, there might be one more chance for HelmsBriscoe to file a reply brief in support of its motion to strike, the issue has been fully and fairly presented by these multiple filings, and the Court does not believe that further

briefing would be useful.  Thus, the Court now turns to an analysis of the seemingly simple question posed by this sequence of events, which is: What legal effect, if any, should the Court give to the notice of voluntary dismissal which BridgeStreet filed on May 4, 2010?  Because that is the only reason advanced by HelmsBriscoe for opposing the motion for leave to amend, it is the only issue the Court must resolve in the course of deciding that motion.

### III.  Legal Analysis

HelmsBriscoe's argument can be succinctly stated in the following way.  A party has the right under Fed.R.Civ.P. 41(a)(1)(a)(i) to dismiss an action voluntarily, by filing a notice of dismissal, at any time before the defendant serves an answer or a motion for summary judgment.  Such a notice of dismissal is self-actuating; no order is needed to make it effective.  Once it is filed, the action to which it pertains ends immediately.  BridgeStreet filed a notice of voluntary dismissal before HelmsBriscoe served either an answer or a motion for summary judgment.  Therefore, the action to which the notice pertained - i.e., the third-party action - ended as soon as the notice was filed.  Thus, there is no third-party complaint left to amend, and BridgeStreet's motion to amend is a nullity that should be either stricken or denied.

This argument is appealingly simple.  Moreover, BridgeStreet does not dispute most of the premises advanced to support it.  In fact, the only area of disagreement is whether, if a notice of voluntary dismissal, by its own terms, does not seek dismissal of an entire action, but only part of one, it should be treated as if that limitation were not contained in its language.  Because that precise issue is not addressed by most of the cases which HelmsBriscoe cites in support of its position, the Court will not discuss those cases extensively, but will attempt to hone in on

the case law that deals with the precise question posed in this case. By doing so, it becomes apparent that the short answer to the question raised by HelmsBriscoe's opposition to the motion for leave to amend and its motion to strike is that no reported decision appears to have given such sweeping effect to a notice of dismissal which addresses only some, but not all, claims asserted in an action.

As early as its decision in Management Investors v. United Mine Workers of America, 610 F.2d 384 (6th Cir. 1979), the Sixth Circuit Court of Appeals, citing to 5 Moore's Federal Practice, ¶41.06-1, at 41-92-93, noted that the use of a notice of voluntary dismissal to eliminate some, but not all, claims from a case "is more properly viewed as a Rule 15 amendment to the complaint." That is so, according to the cited passage from Moore's Federal Practice, because the language in Rule 41(a)(1) speaks to the dismissal of an "action," *i.e.* the entire case, rather than "a fragment of the action." Management Investors, 610 F.2d 394 n.22. This Court has cited Management Investors for the proposition that "Rule 41(a) ... may not be employed to dismiss fewer than all of the claims against any particular defendant" and that "the proper procedural mechanism for a plaintiff to eliminate particular claims lies under Rule 15(a) for amendment of the complaint." Hart v. Paint Valley Local School District, 2002 WL 31951264, *4 n.11 (S.D. Ohio November 15, 2002) (Sargus, J.). Taking that language to its logical conclusion, a notice of voluntary dismissal purportedly filed under Rule 41(a)(1)(A)(i) which seeks dismissal of anything other than the entire "action" is simply a nullity and accomplishes nothing, unless the Court, in its discretion, chooses to treat it as a Rule 15 motion to amend. Some courts have explicitly done so. See, e.g., American Trim, L.L.C. v. Oracle Corp., 383 F.3d 462, 465 (6th Cir. 2004) (noting that, after the plaintiff

-4-

requested voluntary dismissal of certain claims under Rule 41(a)(2), "[t]he district court granted this motion after construing it as a motion for leave to amend the complaint by deleting the ... claims"); see also Baker v. City of Detroit, 217 Fed. Appx. 491, 496-97 (6th Cir. February 16, 2007) (noting that "Rule 41 does not speak to the dismissal of *claims*, and an amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims against a defendant," but that "it is not unusual for motions styled as Rule 41 motions or motions to dismiss to be construed as Rule 15 motions for leave to amend").

To be sure, the Court of Appeals has not been entirely consistent in the way in which it construes the word "action" as used in Rule 41(a)(1). For example, in Dillon-Barber v. Regents of University of Michigan, 51 Fed.Appx. 946 (6th Cir. November 22, 2002), the Court of Appeals, relying on Green v. Nevers, 111 F.3d 1295 (6th Cir. 1997) and Rule 41(a)(1)(A)(ii), stated that an agreed order signed by all of the parties to the case dismissing only some of the claims pleaded in the complaint was immediately effective without the need for the judge's signature, even though the judge did eventually sign the dismissal order. Although that case involved a stipulated dismissal under Rule 41(a)(1)(A)(ii) and not a unilateral dismissal under Rule 41(a)(1)(A)(i), the word "action" appears in the portion of the Rule that precedes and is applicable to both subsections. Thus, it could legitimately be argued that a voluntary dismissal of some but not all claims of the complaint does, provided that the other prerequisites of a voluntary dismissal under Rule 41(a) are met, effect a partial dismissal, but it cannot be argued from any of these decisions that such a notice is to be treated as a dismissal of the entire action even though it says otherwise.

Most of the other federal courts which have addressed this issue have reached similar conclusions. For example, in Ethridge

-5-

v. Harbor House Restaurant, 861 F.2d 1389, 1392 (9th Cir. 1988), the court rejected an argument that it lacked jurisdiction because the plaintiff, after removal, filed a notice of voluntary dismissal of the federal-law based claim upon which removal was predicated.  Rather, the Court of Appeals agreed with the district court's conclusion that "a plaintiff may not use Rule 41(a)(1)(i) (sic) to dismiss, unilaterally, a single claim from a multi-claim complaint."  There, the court simply treated the notice - which was exactly the same type of notice filed by BridgeStreet in this case - as a nullity, and certainly did not deem it to have dismissed the case in its entirety.  A similar notice was filed in Wallace v. Mercantile Country Bank, 514 F.Supp. 2d 776 (D. Md. 2007), and, again, was not construed as a dismissal of the entire case.  Rather, the court, after concluding, like the decisions cited above, that "Rule 41(a) is not the proper vehicle for dismissing individual claims within a suit," treated the document simply as evidence that the plaintiffs did not oppose the defendants' motion to dismiss the claims identified in the otherwise-ineffective notice of voluntary dismissal.  Id. at 788-89.  There are some courts which have allowed the dismissal of fewer than all claims against a particular defendant to be effected by way of a notice of voluntary dismissal, see, e.g., Nichols v. Logan, 355 F.Supp. 2d 1155 1166 (S.D. Cal. 2004), but there are no decisions which support HelmsBriscoe's argument that the effect of such a notice is to dismiss the action in its entirety.

    As BridgeStreet points out in its reply memorandum, the only case cited by HelmsBriscoe that involves, at any level, an effort to dismiss only part of a case is Noland v. Flohr Metal Fabricators, Inc., 104 F.R.D. 83 (D. Alaska 1984).  In contrast to the notice which BridgeStreet filed in this case, in the Noland case, the plaintiff, although intending to dismiss the

-6-

case against only one of the named defendants, filed a notice of dismissal that was not so limited.  In accordance with the body of cases which hold that such a notice immediately terminates a case, the Noland court held that the plaintiff unintentionally, but effectively, dismissed the entire case through the notice which was filed, and that an amended notice of dismissal which was filed later could not be given effect because no case was pending when it was filed.  Even so, the court construed the amended notice of dismissal as a motion for relief from judgment pursuant to Rule 60(b) and granted the motion, thus allowing the case to proceed against the other defendant who was the unintentional beneficiary of the original notice of dismissal.  Consequently, although Noland is easily distinguishable on its facts, it also indicates that the courts should generally apply the Federal Rules of Civil Procedure to reach the correct result in the case even if the parties have made procedural mis-steps on the way.

    The teaching of this body of case law is fairly easy to discern.  More likely than not, the notice of voluntary dismissal which BridgeStreet filed on May 4, 2010, accomplished nothing at all.  Only a minority of courts would view it as actually dismissing the two counts which it purported to dismiss.  This Court could have construed it as a motion for leave to amend the third-party complaint, but before that could happen, BridgeStreet filed such a motion, rendering the notice of dismissal superfluous.  At no time was the entire third-party action dismissed.  Thus, because the only basis on which HelmsBriscoe opposes the motion for leave to amend lacks any legal support, and because no party will be prejudiced if the Court grants the motion to amend, it will do so.  For the same reason, HelmsBriscoe's motion to strike the motion to amend will be denied.

## IV. Disposition and Order

For the foregoing reasons, the motion of third-party plaintiff BridgeStreet Corporate Housing, LLC, to amend its third-party complaint to delete Counts Two and Three (#41) is granted.  For the same reasons, HelmsBriscoe's motion to strike the motion for leave to amend (#42) is denied.

## V. Appeals Procedure

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge